# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| **CHARTIS SPECIALTY INSURANCE COMPANY f/k/a AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY,**<br><br>Plaintiff(s),<br><br>vs.<br><br>**APCO CONSTRUCTION, et al.,**<br><br>Defendant(s). | 2:13-cv-00361-APG-NJK<br><br>**ORDER**<br><br>Motion to Stay Proceedings (#133) |

Before the Court is Plaintiff's Motion to Stay Proceedings. Docket No. 133.

## DISCUSSION

The Court has inherent power to control its docket, including the discretion to stay proceedings. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). The determination of whether to stay proceedings is best determined by weighing the competing interests of the parties and of the Court. *Id*.

> "Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."

*Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005); citing *Landis*, 299 U.S. at 268.

Here, Plaintiff represents that the parties are "on the precipice of achieving global settlement" and that a "settlement in principle appears imminent." Docket No. 133, at 3. Thus, Plaintiff requests that the Court stay all proceedings until: "(1) the claims in this action are

dismissed with prejudice; or (2) the parties provide notice that the settlement process has failed." *Id*. at 4. Plaintiff asserts that staying this action will facilitate the ongoing settlement negotiations and promote judicial economy. *Id*. Defendants, however, have not joined Plaintiff in this motion. *See id*. at 3 n. 2. According to Plaintiff, it proposed the stay to Defendant M & H Enterprises but, once Defendant M & H Enterprises declined to join in the motion, Plaintiff did not approach the other parties. *Id*.

Having weighed the competing interests, the Court finds that a stay of proceedings is appropriate. Plaintiff has shown that the parties will be prejudiced if this case is required to move forward at this time and, additionally, that a stay will potentially prevent unnecessary complication in this case. Nonetheless, the stay proposed by Plaintiff lacks a clear end-date and, for that reason, is not approved by the Court. Rather, based on the information before the Court, the Court finds that a 60-day stay is sufficient to facilitate the discussed settlement negotiations. Accordingly, the Court hereby STAYS the proceedings in this matter until April 25, 2014.

## CONCLUSION

Based on the foregoing, and good cause appearing therefore,

IT IS ORDERED that Motion to Stay Proceedings, Docket No. 133, is **GRANTED in part.**

IT IS FURTHER ORDERED that all proceedings in this matter are **STAYED** until **April 25, 2014**, or, should the parties reach a settlement agreement, immediately thereafter, whichever is sooner. The parties are to file notice with the Court within 7 days of the lifting of the stay. The parties are further **ORDERED** to provide the undersigned with a revised discovery plan within 14 days of the lifting of the stay if they have not reached a global settlement agreement at that time.

DATED: February 24, 2014.

_____
NANCY J. KOPPE
United States Magistrate Judge