UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHARTIS SPECIALTY INSURANCE CO. f/k/a AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE CO., <br><br> Plaintiff, <br><br> vs. <br><br> APCO CONSTRUCTION, et. al. <br><br> Defendants. | Case No. 2:13-cv-00361-APG-NJK <br><br> ORDER |

    Pending before the Court is Plaintiff's Motion to Extend Stay. Docket No. 135.[1] The Court finds this matter is properly resolved without oral argument. *See* Local Rule 78-2. The Court has considered the Motion, Response, and Reply. Docket Nos. 135, 137, 138. The Motion to Extend Stay is hereby **GRANTED**.

**I.    DISCUSSION**

    The Court has inherent power to control its docket, including the discretion to stay proceedings. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). The determination of whether to stay proceedings is best determined by weighing the competing interests of the parties and of the Court. *Id*.

---

[1] On February 24, 2014, the Court granted a stay in this matter until April 25, 2014, the date the instant Motion was filed. Docket No. 134.

> "Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."

*Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005); citing *Landis*, 299 U.S. at 268.

Here, Plaintiff proposes extending "the stay of this action in its entirety pending the continuation of settlement efforts ... until October 25, 2014." Docket No. 135, at 2. In its Reply, Defendant M&H Enterprises "does not object to extension of the stay for a reasonable and limited amount of time, but does oppose the excessive length" of the stay requested by Plaintiff. Docket No. 137, at 2.

As the parties agree that an extension is appropriate at this juncture, and given the reasonable likelihood that the parties may settle this matter, the Court finds that an extension of the stay in these proceedings is warranted. Having weighed the competing temporal arguments advanced by the parties in their respective briefs, the Court concurs that the stay proposed by Plaintiff is warranted. The parties must file a status report with the Court, stating with particularity all actions that have occurred in furtherance of settlement, and any obstacles that remain, on the 15th day of every month, until the stay is lifted.

## II.  CONCLUSION

Based on the foregoing, and good cause appearing therefore,

IT IS ORDERED that Plaintiff's Motion to Extend Stay, Docket No. 135, is **GRANTED**.

IT IS FURTHER ORDERED that the parties must file a status report with the Court, stating with particularity all actions that have occurred in furtherance of settlement, and any obstacles that remain, on the 15th day of every month, until the stay is lifted.

IT IS FURTHER ORDERED that all proceedings in this matter are **STAYED** until **October 25, 2014**, or, should the parties reach a settlement agreement, immediately thereafter, whichever is sooner. The parties are to file notice with the Court within 7 days of the lifting of the stay. The

//
//
//
//

parties are further **ORDERED** to provide the undersigned with a revised discovery plan within 14 days of the lifting of the stay if they have not reached a global settlement agreement at that time.

IT IS SO ORDERED.

DATED: May 7, 2014.

_____
NANCY J. KOPPE
United States Magistrate Judge